124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eric MCJOY, Defendant-Appellant.
 No. 95-15565.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 5, 1997**
Aug. 28, 1997,
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding
 Before: SNEED, FLETCHER and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric McJoy appeals pro se the denial of his 28 U.S.C. § 2255 motion and his motion for reconsideration, challenging inter alia his guilty plea to use of a firearm in relation to a drug offense, 18 U.S.C. § 924(c)(1). After McJoy was convicted, the Supreme Court held in Bailey v. United States, 116 S.Ct. 501 (1995) that "use of a firearm" requires a showing of active employment of a firearm, and that mere possession is insufficient. We review de novo a district court's denial of a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995). We review the district court's denial of a motion for reconsideration for an abuse of discretion. Sheet Metal Workers' Int'l Ass'n Local Union, No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996). We have jurisdiction, 28 U.S.C. § 2255, and we affirm in part, reverse in part, and remand.
 
 
 3
 McJoy was charged with four counts: (1) distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846; (3) possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and, (4) use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He pled guilty to counts three and four, possession of cocaine base with intent to distribute and use of a firearm in relation to a drug trafficking crime.
 
 
 4
 In Bailey, the Supreme Court held that in order for a defendant to be convicted under the "use" prong of § 924(c)(1) the government must show more than mere possession by a person who committed a drug crime. 116 S.Ct. 501. "[T]he Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Id. at 509. McJoy contends that his plea agreement is no longer valid after Bailey. We agree.
 
 
 5
 During the plea proceedings, McJoy admitted only that he "knowingly was in possession of cocaine and a .45 caliber semi-automatic pistol, and [that he] knew his actions were against the law." (emphasis added). Mere possession will no longer suffice to sustain a conviction under the use prong of § 924(c)(1). Bailey, 116 S.Ct. at 506 ("An evidentiary standard for finding 'use' that is satisfied in almost every case by evidence of mere possession does not adhere to the obvious congressional intent to require more than possession to trigger the statute's application."). He admitted no acts that satisfy Bailey 's requirement of active employment.[1] Because the acts which McJoy admitted are now insufficient as a matter of law to satisfy the "use" element in the crime of using a firearm in relation to a drug trafficking crime, his conviction is invalid.
 
 
 6
 The government contends that McJoy's plea remains valid because the conduct that McJoy admitted to in the plea agreement constitutes a violation of § 924(c)(1) under the "carry" prong of the statute, and the facts in the record establish that McJoy had knowledge and understanding of the conduct that formed the basis of a guilty plea to carrying a firearm in relation to a drug offense. The government's argument is not supported by the record. McJoy was charged only under the use prong, and not under the carry prong of 924(c)(1).
 
 
 7
 Because McJoy admitted no facts that would amount to use of a firearm and because he was not charged with carrying a firearm in relation to a drug trafficking offense, his conviction under § 924(c)(1) is invalid. Accordingly we reverse the district court's order, grant McJoy's 2255 petition as it relates to the 924(c)(1) conviction, and remand with instructions to vacate the conviction and sentence on the 924(c)(1) count.
 
 
 8
 We affirm the district court with respect to the other issues raised on appeal. The district court did not err in denying McJoy's Federal Rule of Criminal Procedure Rule 11, Federal Rule of Criminal Procedure Rule 32, and ineffective assistance of counsel claim,[2]2 nor did it abuse its discretion in denying McJoy's petition to rehear or to vacate the order denying the 2255 petition. In his Federal Rule of Civil Procedure 59 motion, McJoy presented no new evidence, failed to show that the district court committed clear error or that its decision was manifestly unjust since at the time he filed the petition for rehearing, there had been no intervening change in controlling law.
 
 
 9
 We reverse the district court ruling regarding the validity of the 18 U.S.C. § 924(c)(1) conviction and grant petitioner's 2255 motion on this question. We remand to the district court with instructions to vacate the conviction and sentence for use of a firearm in violation of 18 U.S.C. § 924(c)(1). We affirm the district court on the other issues raised on appeal.[3]
 
 
 10
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(b); 9th Cir.R. 344
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 During the Plea Agreement, McJoy admitted the following facts pertinent to the § 924(c)(1) use of a firearm charge: "At the aforesaid time and place, the defendant knowingly was in possession of cocaine and a .45 caliber semi-automatic pistol, and the defendant knew that his actions were against the law." During the Change of Plea Colloquy, McJoy admitted only to the factual scenario as stated in the Plea Agreement. There was no further discussion of the facts supporting the 924(c)(1) use of a firearm charge in either the Plea Agreement or the Plea Colloquy
 "The active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Bailey, 116 S.Ct. at 508.
 
 
 [2]
 The ineffective assistance of counsel claim is in any event moot in light of our decision with respect to the § 924(c)(1) conviction
 
 
 [3]
 Petitioner's motions to continue and for appointment of counsel are denied.* * The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App P. 34(b); 9th Cir. R. 34-4